IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AS SUBROGEE OF MICHAEL MELAZZO<br>    Plaintiff(s)<br><br>vs.<br><br>JORDAN SKINNER<br><br>and<br><br>WILLIAM HAYES<br><br>and<br><br>UNITED STATES<br><br>    Defendant(s) | CIVIL ACTION NO.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## **COMPLAINT**

### I. **PARTIES**

1. Plaintiff, Allstate Fire and Casualty Insurance Company, is a corporation duly organized and existing under the Laws of the Commonwealth of Pennsylvania, with a principal place of business located at 2775 Sanders Road, Northbrook, IL 60062, and at all times hereto is engaged in a business of issuing policies of insurance within the Commonwealth of Pennsylvania. At all times material hereto, Plaintiff provided insurance coverage to its insured, Michael Melazzo for a vehicle he owned (hereinafter the "Melazzo vehicle").

2. Defendant Jordan Skinner, (hereinafter referred to as Defendant "Skinner"), is an adult individual with an address of 3940 Market Street, Philadelphia, PA 19104.

3. Defendant William Hayes, (hereinafter referred to as Defendant "Hayes"), is an adult individual with an address of 127 Printz Avenue, Norwood, PA 19074-1714. At all times relevant hereto, Defendant Hayes was acting within the scope of his employment an agent, servant,

worker, employee and/or other representative of Defendant United States and the United State Postal Service.

4. Defendant United States, (hereinafter referred to as Defendant "US"), at all times relevant hereto, had and continues to have within its domain custody and control a federal agency, the United States Postal Service, (hereinafter referred to as the "USPS"), and all of its (a) agents, servants, workers, employees and/or other representatives, all of whom were acting within their scope of employment which included Defendant Hayes; and (b) USPS property which included, but is not limited to, a White Ford motor vehicle with plate # 6423474 permissibly operated by Defendant Hayes. Defendant, US and specifically its federal agency, the USPS, at all times relevant hereto had and continues to have its principal postal facilities located at 475 L'Enfant Plaza SW, Washington, DC 20260. Alternatively, the USPS operates a Tort Claims Office at Tort Claim Coordinator, Delaware-Pennsylvania 2, 3190 S. 70th Street Room 201, Philadelphia, PA 19153.

5. At all times relevant hereto, Defendant US acted by and through its agents, servants, workmen, employees and/or other representatives, which included Defendant Hayes, who were in turn, acting within the course and scope of their employment with the USPS and/or service for the same.

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper because this action is brought pursuant to 28 U.S.C. § 1391(e) and 1346(b).

7. Supplemental Jurisdiction is also proper because this action is brought pursuant to 28 U.S.C. § 1367(a).

2

8.  Venue is proper in the Eastern District of Pennsylvania in that all events relevant to the above captioned matter occurred in Upper Darby, Delaware County, Pennsylvania.

### III. OPERATIVE FACTS

9.  On or about June 29, 2020, Defendant Skinner was operating a vehicle (hereinafter "Defendant Skinner's vehicle") in the left lane on S Oak Avenue at or near the intersection of S Oak Avenue and W Providence Road, Upper Darby, Delaware County, PA 19018.

10. On or about June 29, 2020, Defendant Hayes was operating Defendant US/USPS's postal vehicle bearing PA plate number 6423474 (hereinafter "Defendant USPS' vehicle") in or around the Coco's Pizza parking lot located at 540 Oak Ave, Primos, PA 19018, at or near the intersection of S Oak Avenue and W Providence Road, Upper Darby, Delaware County, PA 19018.

11. On or about June 29, 2020, Michael Melazzo was operating the Melazzo vehicle in the right lane on S Oak Avenue at or near the intersection of S Oak Avenue and W Providence Road, Upper Darby, Delaware County, PA 19018.

12. On or about June 29, 2020, Defendant Hayes, while operating Defendant USPS' vehicle, proceeded to pull out of Coco's Pizza's parking lot onto S Oak Avenue and a collision occurred between Defendant USPS' vehicle and Defendant Skinner's vehicle, which was traveling in the left lane on S Oak Avenue. Defendant USPS' vehicle then turned into and caused a collision with the Melazzo vehicle which was traveling in the right lane on S Oak Avenue.

13. As direct and proximate result of Defendants Skinner, Hayes and US's combined negligent conduct, Plaintiff's insured's vehicle, the Melazzo vehicle, which was lawfully upon the highway at the point aforesaid at time of impact, sustained property damage in the amount of

$11,759.22. Plaintiff paid their insured or others on behalf of their insured, under their policy, the total amount of $11,759.22.

## COUNT I – NEGLIGENCE
## PLAINTIFF V. DEFENDANT JORDAN SKINNER

14. Plaintiff incorporates the proceeding paragraphs as if fully set forth herein at length.

15. The negligence and carelessness of Defendant Skinner, consisted of, but is not limited to, the following:

    a. Failure to properly operate and control the aforesaid vehicle;

    b. Driving at an excessive rate of speed under the circumstances;

    c. Driving illegally and/or making an illegal maneuver under the circumstances;

    d. Failure to brake in time under the circumstances;

    e. Failure to keep a proper lookout;

    f. Failure to give proper and sufficient warning of the approach of said vehicle;

    g. Failure to stop within and in a short clear distance;

    h. Operating said vehicle without due regard for the rights, safety and position of the Plaintiff's insured's vehicle;

    i. Operating said vehicle too close to Plaintiff's insured's vehicle;

    j. Failing to appreciate the position of Plaintiff's insured's vehicle on the roadway;

    k. Failing to compensate for the position of Plaintiff's insured's vehicle by slowing and/or stopping his vehicle, moving his vehicle in the proper direction on the roadway,

4

    or taking other safety maneuvers to avoid high speed contact with the Plaintiff's insured's vehicle; and

  l. Failing to yield to the right of way of Plaintiff's insured's vehicle.

16. As a result of the Defendants' negligence, Plaintiff's insured sustained significant property damage to the Melazzo vehicle. Plaintiff paid their insured or others on behalf of their insured, under their policy, the total amount of $11,759.22.

**WHEREFORE**, Plaintiff, Allstate Fire and Casualty Insurance Company, demands judgment against the Defendants jointly and severally for $11,759.22 plus interest, attorney's fees and court costs.

### COUNT II – NEGLIGENCE
### PLAINTIFF V. DEFENDANTS WILLAM HAYES AND UNITED STATES

17. Plaintiff incorporates the proceeding paragraphs as if fully set forth herein at length.

18. The negligence and carelessness of Defendant US by and through its agents, servants, workers, employees and/or other representatives specifically Defendant Hayes, consisted of, but is not limited to, the following:

  a. Failure to properly operate and control the aforesaid vehicle;

  b. Driving at an excessive rate of speed under the circumstances;

  c. Driving illegally and/or making an illegal maneuver under the circumstances;

  d. Failure to brake in time under the circumstances;

  e. Failure to keep a proper lookout;

5

      f.      Failure to give proper and sufficient warning of the approach of said vehicle;

      g.      Failure to stop within and in a short clear distance;

      h.      Operating said vehicle without due regard for the rights, safety and position of the Plaintiff's insured's vehicle;

      i.      Operating said vehicle too close to Plaintiff's insured's vehicle;

      j.      Failing to appreciate the position of Plaintiff's insured's vehicle on the roadway;

      k.      Failing to compensate for the position of Plaintiff's insured's vehicle by slowing and/or stopping his vehicle, moving his vehicle in the proper direction on the roadway, or taking other safety maneuvers to avoid high speed contact with the Plaintiff's insured's vehicle; and

      l.      Failing to yield to the right of way of Plaintiff's insured's vehicle.

19. As a result of the Defendants' negligence, Plaintiff's insured sustained significant property damage to the Melazzo vehicle. Plaintiff paid their insured or others on behalf of their insured, under their policy, the total amount of $11,759.22.

**WHEREFORE**, Plaintiff, Allstate Fire and Casualty Insurance Company, demands judgment against the Defendants jointly and severally for $11,759.22 plus interest, attorney's fees and court costs.

**JURY DEMAND**

Plaintiff demands a trial by jury.

**RESPECTFULLY SUBMITTED:**

*Kenneth B. Grear*

Kenneth B. Grear, ESQ.
Attorney for Plaintiff
Identification No. 81608
LAW OFFICES OF KENNETH S. O'NEILL
1601 Cherry Street, Suite 1210
Philadelphia, PA 19102
Telephone: (215) 557-5612
Email: Ken.Grear@allstate.com

Date: June 28, 2022

7